IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
February 26, 2002 Session

## STATE OF TENNESSEE v. CHRISTOPHER GLENN BELL

**Direct Appeal from the Criminal Court for Anderson County**
**No. 91CR0406      James B. Scott, Judge**

_____

**No. E2001-01243-CCA-R3-CD**
**April 17, 2002**
_____

In 1992, pursuant to a plea agreement, the Defendant pleaded guilty to possession with intent to sell a Schedule I controlled substance, received an eight-year sentence, and was granted full probation. In 1998, the trial court revoked the Defendant's probation and ordered the Defendant to serve the eight-year sentence in the Tennessee Department of Correction. The Tennessee Department of Correction subsequently placed the Defendant in the special alternative incarceration unit program, and upon the Defendant's successful completion of the boot camp program, released the Defendant on supervision. A warrant was issued on September 6, 2000, alleging that the Defendant had violated the terms of his release. The trial court revoked the Defendant's release and ordered the Defendant to serve the remainder of his sentence in the Tennessee Department of Correction. The Defendant now appeals, arguing that because more than eight calendar years had passed from the date of his original sentence on July 10, 1992 to the date of the violation of probation warrant that was filed on September 6, 2000, the original eight-year probated sentence had expired. We conclude that because the service of the Defendant's eight-year sentence began on April 3, 1998, when his probation was revoked and he was ordered to serve the sentence, the sentence had not expired, and the September 6 warrant was thus timely. Therefore, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which JERRY L. SMITH and JAMES CURWOOD WITT, JR., JJ, joined.

Billy P. Sams, Oak Ridge, Tennessee, for the Appellant, Christopher Glenn Bell.

Paul G. Summers, Attorney General and Reporter; Mark A. Fulks, Assistant Attorney General; James N. Ramsey, District Attorney General; and Janice G. Hicks, Assistant District Attorney General, for the Appellee, State of Tennessee.

**OPINION**

**I. Facts**

On April 27, 1992, the Defendant pleaded guilty to possession with intent to sell lysergic acid diethylamide (LSD). Pursuant to a plea agreement, the Defendant received an eight-year sentence, and the State dismissed two other felony drug charges against the Defendant. Judgment was entered against the Defendant on July 10, 1992, imposing an eight-year probated sentence. Over the next six years, four warrants were issued against the Defendant alleging that he had violated the terms of his probation. The first three warrants, which were filed on July 6, 1993, April 15, 1996, and September 9, 1997, respectively, alleged that the Defendant had failed to report to his probation officer and had failed to pay his probation fees in a timely fashion. The trial court disposed of each of the first three probation violation warrants by allowing the Defendant to remain on probation, although the 1996 warrant resulted in the Defendant serving sixty days in jail prior to returning to probation, and the 1997 warrant resulted in the Defendant's transfer to intensive probation. Subsequently, a fourth warrant against the Defendant was issued alleging that the Defendant had failed to report, had failed to pay probation fees, and had tested positive for marijuana use. The Defendant admitted that these allegations were true, and on April 3, 1998, the trial court ordered the Defendant to serve his original eight-year sentence in the Tennessee Department of Correction.

On November 5, 1998, the Defendant successfully completed the special alternative incarceration program, commonly referred to as "boot camp" in the Tennessee Department of Correction and was again released on probation. Less than two years later, on September 5, 2000, yet another violation of probation warrant was issued against the Defendant alleging that he had twice refused drug screens and was behind on community service work. On May 15, 2001, the trial court entered an "AMENDED JUDGMENT" against the Defendant revoking the Defendant's probation and ordering the Defendant to serve his eight-year sentence in the Tennessee Department of Correction.

In this appeal, the Defendant alleges that on September 5, 2000, the trial court was without jurisdiction to order the Defendant to serve the eight-year sentence in confinement because more than eight calendar years had passed since July 10, 1992, the date the eight-year probative sentence was entered. We respectfully disagree and affirm the judgment of the trial court.

## II. Analysis

As the State points out in its brief, when probation is revoked, "the original judgment so rendered by the trial judge shall be in full force and effect from the date of the revocation of such suspension . . . ." Tenn. Code Ann. § 40-35-310. In the present case, the "date of the revocation of such suspension" is April 3, 1998, when the trial court revoked the Defendant's probation pursuant to the fourth violation of probation warrant issued against the Defendant. Id. The Defendant began serving the eight-year sentence in the Tennessee Department of Correction on April 3, 1998. Logically, the expiration date of the Defendant's sentence would therefore be April 3, 2006.

Pursuant to Tennessee Code Annotated § 40-20-201, the Tennessee Department of Correction is authorized to utilize a "special alternative incarceration unit." It may then release defendants on "supervision" if the defendants successfully complete the "boot camp" program.

Tenn. Code Ann. § 40-20-206. Trial courts are authorized to revoke a defendant's release if the defendant fails to comply with the terms and conditions of the release. Id.

On September 5, 2000, when the warrant was issued alleging that the Defendant had failed to comply with the terms and conditions of his release on supervision following his successful completion of the "boot camp" program, more than five years remained of the Defendant's eight-year sentence that went into affect on April 3, 1998. Additionally, the Defendant clearly had not completed eight years of probation between July 10, 1992 and September 5, 2000. Even if the Defendant is deemed to have been serving his probated sentence (while not incarcerated), the period of time from July 10, 1992 to April 3, 1998 (less sixty days of incarceration in 1996), plus the period of time from November 5, 1998 to September 5, 2000, does not total eight calendar years. The State asserts in its brief that the Defendant's sentence was in full force and effect when he violated the terms of his supervised release following "boot camp" and when the trial court subsequently revoked probation. We agree.

Accordingly, the judgment of the criminal court is AFFIRMED.

_____
ROBERT W. WEDEMEYER, JUDGE